UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ROBLES,

        Plaintiff,

    v.

FEDERAL DEPOSIT INSURANCE
CORPORATION; and DOES 1-50,
inclusive,

        Defendants.
                             /

NO. CIV. S-09-1615 LKK/EFB

O R D E R

    This case concerns home loans plaintiff took out from Indymac Bank. Prior to the filing of this suit, Indymac failed, and was taken over by the FDIC. Plaintiff brings a variety of claims against the FDIC. In connection with these claims, plaintiff has filed a Notice of Pendency of Action, a lis pendens, preventing transfer of title to the property securing plaintiff's loans. See Bishop Creek Lodge v. Scira, 46 Cal. App. 4th. 1721, 1733 (1996).

    The FDIC removed this case on June 10, 2009, and filed a motion to dismiss on June 12, 2009. The FDIC argues that if plaintiff's claims are dismissed, the lis pendens should be expunged, and the FDIC should be awarded attorneys' fees.

    Plaintiff failed to file an opposition or notice of non-

1

opposition to this motion, thereby violating Local Rule 78-230(c). The court attempted to contact plaintiff's counsel at the number on file, and was redirected to a message from the California Bar Association indicating that plaintiff's counsel was no longer practicing law. A review of the California Bar Association website indicates that counsel became ineligible to practice law on April 25, 2009.

FDIC served the notice of removal and notice of motion to dismiss by delivery to the addresses for plaintiff's counsel and for plaintiff himself. Doc. 4, 5. The FDIC's "reply" brief arguing that the motion should be granted because of plaintiff's failure to file an opposition was also served by mail directly to defendant.

The federal Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") provides a detailed scheme for the process under which the FDIC assumes control of failed banks, and for the results that follow therefrom. Pub. L. No. 101-73, 203 Stat. 183. When the FDIC assumes receivership of a failed financial institution, all claims against that institution, whether arising out of activities before or after the FDIC's assumption of control, must first be administratively presented to the FDIC. 12 U.S.C. §§ 1821(d)(3) - (d)(13). This is a mandatory prerequisite to judicial review. § 1821(d)(13)(D); <u>McCarthy v. FDIC</u>, 348 F.3d 1075, 1079 (9th Cir. 2003). Here, nothing in the complaint indicates that plaintiff satisfied or exhausted these administrative remedies. Accordingly, plaintiff's claims are

1 dismissed without prejudice.  McCarthy, 348 F.3d at 1081.

2     The FDIC argues that if plaintiff's claims are dismissed, the lis pendens should be expunged.  A lis pendens is a creature of state law, and is governed by state authority.  When a lis pendens, also known as a "notice of pendency of action" has been recorded, a party may apply to the court in which the action is pending to have the lis pendens expunged.  Cal. Code Civ. Pro. § 405.30.  A court shall expunge a lis pendens if "the claimant has not established by a preponderance of evidence the probable validity of the real property claim." Cal. Code Civ. Pro. § 405.32; see also Cal. Code Civ. Pro. § 405.30 ("The claimant shall have the burden of proof under Sections . . . 405.32").  Here, because all of plaintiff's claims are dismissed, plaintiff has not established probable validity under these claims.

3     The FDIC also argues that it is entitled to an award of fees for expungement of the lis pendens.  Cal. Code Civ. Proc. § 405.38 provides the court may decline to award fees when "circumstances make the imposition of attorney's fees and costs unjust."  The court determines that an award of attorneys' fees is inappropriate in the instant case.

    For the reasons stated above, the court ORDERS that

1. Defendant's motion to dismiss, Doc. 5, is GRANTED, and plaintiffs' complaint is DISMISSED WITHOUT PREJUDICE.
2. The Notice of Pendency of Action (the "lis pendens") recorded on December 23, 2008, in the Official Records of the County of San Joaquin, State of California, as Document No.

3

2008-196476, by Plaintiff against title to that certain real property located at 1441 McDermott Drive, Tracy, California 95376, APN 232-210-52, shall be and is hereby EXPUNGED, and no undertaking is required.

IT IS SO ORDERED.

DATED: July 30, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4